IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,    Case No. 1:19-cr-00454-MC

      Plaintiff,    **ORDER**

v.

**GREGORY LEE RODVELT**,

      Defendant.

_____

**MCSHANE, District Judge:**

      Defendant moves to dismiss this action, arguing a comment made by the Court during the pretrial conference alerted the Government to the Defendant's defense theory. ECF No. 159. Specifically, Defendant points to the Court's statement that: "In prior hearings, Mr. Rodvelt kind of shrugged off the danger of the device at issue as nothing more than a device to deter rats or other vermin. I mean, really, the manual and some of these other items show an interest well beyond, you know, the extermination of pests. . . . If his intent is at issue—you know, the traps being set for instance, for vermin, as he's testified in the past—then past attempts to set similar traps aimed at people would become relevant."

      Defendant argued that up to this point, the Government was in the dark as to his alleged defense. Only after these comments, Defendant argues, did the Government move to admit Defendant's previous statements regarding his opposition to shooting animals. ECF No. 159, 7. Defendant argues "The Court's inadvertent disclosure of constitutionally-protected information regarding the theory of defense . . . irremediably tainted the prosecution." ECF No. 159, 7. As noted, Defendant argues the Government "has already taken advantage of the constitutional

1 – ORDER

violations by altering its presentation of the case . . . by seeking to admit evidence regarding Mr. Rodvelt's attitude toward hunting and animals." ECF No. 159, 7-8.

Defendant provides several cases in support, but none of those cases remotely approach supporting the requested relief sought here. The Court first notes that it, not the Government, made the inadvertent disclosure. The Government here did not act, in any way, innapropriately. Additionally, and likely more importantly, Defendant suffered no prejudice from the Court's statements. The morning after the Court made the statements at issue, Defendant disclosed expert reports, pursuant to Rule 16(b), indicating Defendant specifically requested the traps at issue be tested for animal DNA. ECF No. 162 Ex. 1. Additionally, the Court disagrees that its statements were as prejudicial as alleged. The Court referenced the statements in a discussion regarding 404(b). Any harm or prejudice resulting from the Court's rather ambiguous statements was mitigated through Defendant's own required disclosures the very next day. Defendant's motion to dismiss, ECF No. 159, is DENIED. Additionally, as no Government attorney acted inappropriately or gained any inherent advantage, there is no reason to sequester or wall off any Government attorney.

DATED this 25th day of May, 2023.

      _____/s Michael McShane_____
      Michael J. McShane
      United States District Judge

2 – ORDER