NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**SARAH BARR**
**JUDITH R. HARPER**
**JEFFREY S. SWEET**
Assistant United States Attorneys
sarah.barr@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**  v.  **GREGORY LEE RODVELT,**  **Defendant.** | 1:19-cr-00454-MC  **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE COURT'S TENTATIVE JURY INSTRUCTIONS** |

The United States responds as follows to Mr. Rodvelt's objections to the Court's tentative jury instructions:

| Defense Request | Government Position |
|---|---|
| **8.2 Assault on a Federal Officer** | |
| Request for specific unanimity instruction | **Government objects to Mr. Rodvelt's request**. Mr. Rodvelt does not offer a proposed specific unanimity instruction. The Ninth Circuit does not provide a model instruction. Instead, it advises in the comment to model 6.27 that such an instruction is disfavored. "In the typical case, a . . . general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict." *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) (citing *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011))." Here, the verdict form is clear that every finding |

| | |
|---|---|
| | under this charge must be decided unanimously. No further instruction is necessary. |
| Request to define "serious bodily injury" | **Government has no objection, if phrased as follows to avoid confusion**: "A weapon is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury. For purposes of determining whether a weapon is a deadly or dangerous weapon, the term 'serious bodily injury' means bodily injury that involves (1) a substantial risk of death; (2) extreme physical pain; (3) protracted and obvious disfigurement; or (4) protracted loss or impairment of the function of a body part, organ, or mental faculty." |
| Request that Court not use "duties that are relevant to the mission" and instead use "the officer's actions fall within his agency's overall mission." | **Government objects to Mr. Rodvelt's proposed modification**. The Court's tentative language—"A person is a federal employee engaged in his official duties when he is employed by a federal agency and is performing duties that are relevant to the mission of that federal agency, as opposed to engaging in a personal frolic of his own"—is consistent with the model instruction commentary and with instructions that that Ninth Circuit has previously approved. *See* Commentary, Ninth Circuit Model Criminal Jury Instruction 8.2. Such an instruction is appropriate for the evidence presented and considering the FBI's authority to lawfully engage in the activity that Agent Sellers was conducting at the time he was shot, as discussed in the Government's response filed at ECF No. 178. There is no evidence that he was acting as a state agent, as Mr. Rodvelt contends. |
| **3.19 Lost or Destroyed Evidence** | |
| Request to include this instruction "in light of the quality of the execution of the search warrants" and "the fact that the government both did not collect relevant evidence (such as any shotgun shot) as well as the government's choice not to search the entire residence." | **Government objects to this requested instruction**. As already stated in the Government's objections to defendant's proposed jury instructions, ECF No. 141, this instruction is not appropriate. This instruction is appropriate only when the Court has made a preliminary finding that "the balance between the quality of the Government's conduct and the degree of prejudice to the accused weighs in favor of the defendant." See 3.19 Comment (citing *United States v. Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1979) (*en banc*) (*Kennedy, J.*, concurring), overruled on other grounds by *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008); *see also United States v. Robertson*, 895 F.3d 1206, 1213-14 (9th Cir. 2018) |

**United States' Response to Defendant's Objections to Tentative Jury Instructions     Page 2**

| | |
|---|---|
| | (upholding district court's decision not to give instruction on lost or destroyed evidence where the government's conduct fell within the range of reasonableness and the prejudice to defendant was minimal). The government bears the burden of justifying its conduct, while the defendant bears the burden of establishing prejudice. *Robertson*, 895 F.3d at 1213. There has been no showing that "the balance between the quality of the Government's conduct and the degree of prejudice to the accused weighs in favor of the defendant." |

The United States has one additional request to modify the Court's tentative instructions. The tentative instruction for Assault on a Federal Officer includes the following instruction at the end: "The government need not prove defendant intended to cause bodily injury." While we originally requested this language given that assault is a general intent crime, as described in the government's trial memorandum, ECF No. 115 at 7, we do not believe that this portion of the instruction is appropriate at this time given the facts of this case and the definition of "forcible assault," which can occur when one person "willfully attempts to inflict injury on another." The United States requests that the following language be removed from the end of the instruction: "The government need not prove defendant intended to cause bodily injury."

Dated: June 1, 2023

    Respectfully submitted,

    NATALIE K. WIGHT
    United States Attorney

    s/ *Sarah Barr*
    SARAH BARR
    JUDITH R. HARPER
    JEFFREY S. SWEET
    Assistant United States Attorneys